# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

MY DIRECT DIAL:  (631) 247-4671
MY EMAIL ADDRESS: BRIAN.SHENKER@JACKSONLEWIS.COM

March 13, 2023

<u>**VIA ECF**</u>

Honorable Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re: *Katz, et al. v. New York City Housing*
             *Preservation & Development, et al.*
             <u>Civil Action No. 21-cv-2933 (JLR)</u>

Dear Judge Rochon:

  On behalf of all the defendants in this action ("Defendants"), we jointly submit this letter motion to: (1) request an extension of time for Defendants to respond to Plaintiffs' Amended Complaint; and (2) request a stay of discovery until the Court rules on Defendants' motions to dismiss.  As Defendants submit this letter jointly, Defendants respectfully request enlargement of your Honor's applicable three-page letter limitation to permit submission of this five-page letter.

  Plaintiffs have not stated whether they consent or oppose Defendants' requests.[1]  As set forth below, Defendants submit that there is good cause to stay discovery until Defendants' motions are resolved, and there is no basis to deny the request for a reasonable extension of time.

**I.** **Extension of Time**

  Defendants' current deadline to respond to Plaintiffs' Amended Complaint is March 16, 2023.  Defendants request that the deadline be extended to April 18, 2023.  This extension request is reasonable, especially in light of the delays and extensions sought by or caused by

---

[1] Defendants initially sought Plaintiffs' position on these requests on March 7, 2023, and have followed up several times.  Plaintiffs have failed to notify Defendants of their position on either request.

Plaintiffs since their Complaint was dismissed on August 8, 2022.[2]  Accordingly, Defendants' request is reasonable and should be granted.

## II.   Motion to Stay Discovery

A district court has broad discretion to stay discovery "for good cause shown."  Fed. R. Civ. P. 26(c); *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay."  *Spencer Trask Software & Info Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting motion to stay discovery pending disposition of a motion to dismiss) (citing *Anti-Monopoly, Inc. v. Hasbro*, 1996 U.S. Dist. LEXIS 2684, 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996); *see also Trs. Of The New York City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, 2019 U.S. Dist. LEXIS 223677, 2019 WL 6912282, at *4 (S.D.N.Y. Dec. 19, 2019) (granting stay of discovery pending determination of motion to dismiss, as "[w]here, as here, defendant [has] presented substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit, a stay of discovery is appropriate.").  In deciding whether to stay discovery, courts consider the strength of the dispositive motion, the breadth of discovery sought and the burden of responding to it, and the risk of prejudice to the party opposing the stay. *Republic of Turkey*, 316 F. Supp. 3d at 677.  The factors here weigh in favor of a stay.

### A.   Defendants' Motions to Dismiss Have Substantial Grounds and Might Eliminate All of Plaintiffs' Claims

With regard to the first prong, Defendants' "motion[s] to dismiss [are] sufficient to support a stay because [they are] 'potentially dispositive, and appear[] to be not unfounded in the law.'"  *Negrete v. Citi Bank, N.A.*, 2015 U.S. Dist. LEXIS 163733, 2015 WL 8207466, at *3 (S.D.N.Y. Dec. 4, 2015) (quoting *Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 U.S. Dist. LEXIS 168468, 2014 WL 6883529, at *4 (E.D.N.Y. Dec. 3, 2014) (additional quotations omitted)).  As set forth herein, Plaintiffs' allegations, even if true, fall far short of the pleading standards for a housing discrimination claim.  While the Court will ultimately determine the merits of Defendants' motions, Plaintiffs cannot reasonably dispute that the motions have, at minimum, "substantial grounds" and some "foundation in law," thereby warranting a stay. *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (granting stay pending determination of motion to dismiss).

A plaintiff can bring a FHA discrimination claim under a theory of disparate treatment or disparate impact.  *See Fair Hous. in Huntington Comm. v. Town of Huntington*, 316 F.3d 357, 366 (2d Cir. 2003).  Plaintiffs' Amended Complaint changes course from Plaintiffs' original pleading and now asserts a disparate treatment claim.[3]  To assert a disparate treatment claim,

---

[2]  See ECF Doc. No. 73 – Plaintiffs' request for an extension of time to file amended complaint and for pre-amendment discovery; ECF Doc No. 85 – Abrams Fenserman, LLP's motion for leave to withdraw as counsel for Plaintiffs; ECF Doc. No. 91 – Plaintiffs' request to adjourn hearing on motion for leave to withdraw as counsel.
[3]  Plaintiffs' original pleading only asserted a disparate impact claim under the FHA.

**JacksonLewis**

Plaintiffs must allege they were treated differently from similarly situated persons because of familial status. *See 30 Clinton Place Owners Inc. v. City of New Rochelle*, 2014 U.S. Dist. LEXIS 31839, at *12 (S.D.N.Y. Feb. 27, 2014) (dismissing FHA familial status disparate treatment claim because plaintiffs did not allege the defendants treated similarly situated persons or groups differently). The FHA defines "familial status" as "one or more individuals (who have not attained the age of 18 years)." 42 U.S.C. § 3602(k).

Plaintiffs seemingly conflate familial status with *family size*, which is not protected under the FHA. *See* August 8, 2022 Opinion and Order, ECF Doc. No. 72, pg. 14 (the "Opinion"); *Borum v. Brentwood Vill., LLC*, 218 F. Supp. 3d 1, 22 (D.D.C. 2016) (collecting cases holding that family size is not protected by the Fair Housing Act); *Glover v. Crestwood Lake Section 1 Holding Corps.*, 746 F. Supp. 301, 310 (S.D.N.Y. 1990). As Judge Cronan aptly pointed out in the Opinion, "the Fair Housing Act prevents discrimination based on familial status, not family size." *Id*.

Plaintiffs' claims are based on their family size exceeding the occupancy limits without regard to whether the household members are children or adults. *See, e.g.*, Amended Complaint at ¶ 55 ("Defendants' rejections of Plaintiffs' applications based on the size of the Katz family constitute unlawful discrimination."); ¶ 47 (NRT New York LLC "denied Plaintiffs' application by sending them an ineligibility notice, which stated that Plaintiffs were ineligible because '[t]here [were] not units in the project that meet [Katz's] household size requirements.'"). Plaintiffs do not allege, except in insufficient conclusory terms, that Defendants' denied housing to Plaintiffs based on their familial status, *i.e.*, that they resided with children. In other words, Plaintiffs allegations make clear they were denied housing because their family size exceeded housing size requirements, not because their family included children under 18 years of age. Plaintiffs do not allege, nor could they, that they were denied housing because their family includes children. In fact, Plaintiffs' Amended Complaint points to the very opposite conclusion – any household with eight individuals, regardless of their age, would have been rejected for exceeding the occupancy rules governing the lotteries. Thus, Plaintiffs have not (and cannot) allege they were treated differently than similarly situated households without children.

Plaintiffs similarly fail to allege facts leading to an inference that Defendants acted with a discriminatory animus toward Plaintiffs' familial status, which is fatal to Plaintiffs' claim. "A claim under the Fair Housing Act is appropriately dismissed 'where a complaint's factual allegations do not permit the conclusion that the complained-of conduct occurred because of discriminatory animus.'" *Zlotnick v. Crystal Run Vill., Inc.*, 2021 U.S. Dist. LEXIS 207432, at *12 (S.D.N.Y. Oct. 27, 2021) (quoting *Logan v. Matveeskii*, 175 F. Supp. 3d 209, 226 (S.D.N.Y. 2016)). Plaintiffs have not alleged (nor can they) that Defendants have any animus toward families with children.

The majority of changes to Plaintiffs' amended pleading relate to their allegations that the occupancy standards promulgated by the New York City Preservation & Development ("HPD") and New York City Housing Development Corporation ("HDC") are unreasonable and do not fall within the FHA's exemption for reasonable maximum occupancy standards. However, as Judge Cronan stated in the Opinion, "[t]he Court need not resolve [the occupancy exemption

**JacksonLewis**

issue], given the Katzes' failure to adequately plead disparate impact." *See* Opinion, fn. 8. As discussed above, Plaintiffs have not sufficiently pleaded a disparate treatment claim, so the Court need not even reach the issue of the reasonableness of the limits.

Defendants plan to assert, *inter alia*, the foregoing arguments in their motions to dismiss. Defendants have established "substantial grounds" and a "foundation in law" for their motions, thus, warranting a stay.

### B. Defendants Will Be Required to Expend Unnecessary Time and Money on Discovery in a Case That May Well Be Dismissed

The parties have not yet exchanged discovery demands. If discovery is not stayed, however, we presume Plaintiffs will seek discovery, including of electronically stored information. Defendants will need to gather documents (likely from numerous custodians), review for responsiveness, privilege, and potentially confidential information of other applicants, and produce same. This alone would pose a burden and expense disproportionate to the case – "because 'the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case' … 'proceeding with discovery while the motion[s] [are] pending would waste the parties' resources and would constitute an undue burden' on Defendants." *HAHA Global, Inc. v. Barclays*, 2020 U.S. Dist. LEXIS 29637, at *3 (S.D.N.Y. Feb. 20, 2020) (quoting *Rivera v. Heyman*, 1997 U.S. Dist. LEXIS 2003, 1997 WL 83694, at *1 (S.D.N.Y. Feb. 27, 1997)).[4]

### C. There is No Risk of Prejudice to Plaintiffs

Finally, there is no risk of unfair prejudice to Plaintiffs. Defendants' motions will be fully briefed by May 2023, and any stay would be limited. "[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418, 2018 WL 1989585, at *30 (S.D.N.Y. Apr. 26, 2018). As discussed above, much of the delay in this case have been caused by Plaintiffs and/or their prior counsel. As such, Plaintiffs cannot identify any immediate need for discovery in this matter.

### III. Conclusion

Thus, Defendants respectfully submit that good cause exists to stay discovery until such time as this Court rules on Defendants' motions to dismiss, and request that the Court enter an Order staying discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Defendants further request the Court grant a brief extension of time, until April 18, 2023, for Defendants to file their motions to dismiss the amended complaint.

---

[4] Defendants further note that in the unlikely scenario this Court were to dismiss Plaintiffs' Amended Complaint without prejudice (Defendants will seek dismissal with prejudice), that, absent a stay, Plaintiffs would essentially obtain the pre-amendment discovery this Court previously denied them. ECF Doc. No. 84.

**JacksonLewis**

District Judge Jennifer L. Rochon
March 13, 2023
Page 5

Thank you for your attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.

*Brian J. Shenker*

Brian J. Shenker

Cc:   All counsel (via ECF)

4854-1152-6231, v. 1

Defendants' requests are GRANTED.  Defendants shall file their motion to dismiss the Amended Complaint no later than **April 18, 2023**.  Additionally, in light of the fact that Defendants' anticipated motion may dismiss all of Plaintiff's claims, and because the Court has previously dismissed a complaint in this action, the Court finds good cause exists to stay discovery pending resolution of the motion to dismiss.  *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

Dated:  March 13, 2023
        New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**